DECISION
{¶ 1} Relator, Keith Oldham, commenced this original action in mandamus seeking an order compelling respondent, Cynthia Massuer, Chairperson of the Ohio Adult Parole Authority ("OAPA"), to reconsider his eligibility for parole.
 {¶ 2} Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate found *Page 2 
that based upon the evidence submitted by respondent, relator has already received the requested reconsideration of the June 2004 decision denying him parole and relator has received a copy of the decision on reconsideration. Because the act that relator seeks to compel has been performed by respondent, the magistrate has recommended that we grant respondent's motion for summary judgment.
 {¶ 3} Relator has filed an objection to the magistrate's decision arguing that the OAPA failed to comply with some of the procedures outlined in policy 105-PBD-04 in reconsidering the denial of his parole. Specifically, relator argues that the OAPA failed to provide a copy of the special minutes and the parole board instruction sheet to the bureau of records management. Neither of these alleged procedural deficiencies relate to the merits of the reconsideration. Assuming the truth of relator's allegations, we fail to find grounds supporting mandamus relief.
 {¶ 4} As respondent points out in its motion for summary judgment, relator failed to establish that he met the requirements to trigger policy 105-PBD-04. We note that relator requested reconsideration almost two years after he received the decision denying him parole. Policy 105-PBD-04 expressly provides that the parole board will accept new information and process a reconsideration of its previously rendered decision when an inmate presents, in writing, within 60 days of the date of the release consideration hearing, a request for reconsideration based upon: relevant and significant new information that was either not available or not considered at the time of the hearing, or specially alleged that a correction should be made in the application of the parole release guidelines. Relator failed to request reconsideration within 60 days of the decision *Page 3 
denying him parole. Nor did relator present new information that was not available at the time of the June 2004 hearing.
 {¶ 5} Despite the untimeliness and other deficiencies in relator's request, the OAPA reconsidered its decision denying relator parole. The procedural deficiencies that relator alleges are unrelated to the merits of the reconsideration. Because relator has already received the reconsideration he seeks, we overrule his objection.
 {¶ 6} Following an independent review of this matter, we find the magistrate has property determined the facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we deny relator's request for a writ of mandamus.
Objection overruled; writ of mandamus denied; motion for summaryjudgment granted.
 SADLER, P.J., and PETREE, J., concur. *Page 4 APPENDIX A MAGISTRATE'S DECISION Rendered August 29, 2007 IN MANDAMUS ON MOTION FOR SUMMARY JUDGMENT {¶ 7} Relator, Keith Oldham, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Cynthia Massuer, Chairperson of the Ohio Adult Parole Authority ("APA"), to reconsider his eligibility for parole.
Findings of Fact: {¶ 8} 1. Relator is an inmate currently incarcerated at Mansfield Correctional Institution. *Page 5 
 {¶ 9} 2. Relator was incarcerated in 1994 after being found guilty of several felony counts.
 {¶ 10} 3. According to the documents submitted by relator, his first parole hearing was held on June 23, 2004.
 {¶ 11} 4. On January 16, 2006, relator submitted a memorandum to the Ohio Parole Board seeking reconsideration of the decision made at the June 23, 2004 parole hearing.
 {¶ 12} 5. According to documents submitted by respondent and certified by Karen K. Sorrell, Chief, Bureau of Records Management, Ohio Department of Rehabilitation and Correction ("ODRC"), a conference was held with relator regarding his request for reconsideration on May 26, 2006.
 {¶ 13} 6. In March 2007, relator filed the instant petition seeking a writ of mandamus. Relator contends that the APA has not complied with ODRC Policy 105-PBD-04 which provides that a parole decision will be reconsidered if new evidence is submitted which was not available at the time the hearing was held.
 {¶ 14} 7. Respondent has included in the certified evidence a form containing the issues relator raised in his request for reconsideration which were discussed on May 26, 2006 at the conference. Relator's signature appears on that form as well as the signature of the hearing officer who met with him.
 {¶ 15} 8. Respondent has filed a motion for summary judgment which includes certified copies of both relator's request for reconsideration and the matters discussed and addressed with relator at the conference. *Page 6 
 {¶ 16} 9. Relator has not filed a response to respondent's motion for summary judgment.
Conclusions of Law: {¶ 17} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
 {¶ 18} A motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion. To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280. Accordingly, any party moving for summary judgment must satisfy a three-prong inquiry showing: (1) that there is no genuine issue as to any material facts; (2) that the parties are entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64.
 {¶ 19} Based upon the evidence presented by respondent and certified by the chief of the Bureau of Records Management for ODRC, this magistrate finds that relator has received the requested reconsideration of the June 2004 decision denying him parole and relator did receive a written copy of that decision as set out in the policies for ODRC. Because the act which relator seeks to compel respondent to perform has been *Page 7 
completed, there is no relief which can be granted to relator and respondent's motion for summary judgment should be granted.
 {¶ 20} Based on the foregoing, it is this magistrate's decision that this court should grant summary judgment in favor of respondent. *Page 1